UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-282-8-F
No. 5:12-CV-00117-F

| | | |
|---|---|---|
| TIMOTHY LAMONT HARGROVE, </br>     Petitioner, | ) </br> ) </br> ) | |
| v. | ) </br> ) | ORDER |
| UNITED STATES OF AMERICA </br>     Respondent. | ) </br> ) </br> ) | |

On February 14, 2012, Timothy Lamont Hargrove ("Hargrove") moved to vacate his 190-month sentence. See Motion [DE-463]. His court-appointed counsel supplemented that motion [DE-470] and filed a memorandum [DE-473], pursuant to 28 U.S.C. § 2255. The Government thereafter moved to dismiss Hargrove's § 2255 motion, see Motion [DE-475]. Hargrove contends that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior criminal record does not support the career offender enhancement applied in calculation of his sentence, and that he should be resentenced without the enhancement.

      Hargrove entered a plea of guilty to conspiracy to possess with the intent to distribute and to distribute more than one kilogram of heroin, five kilograms of cocaine, and fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846, pursuant to a Memorandum of Plea Agreement [DE-215] on January 22, 2009. Hargrove's base offense level was determined to be 34 in light of the drug quantity, but pursuant to convictions documented in ¶¶ 30 and 31 of the Presentence Report, Hargrove was determined to be a career offender under U.S.S.G. § 4B1.1. Accordingly, the adjusted offense level was 37, from which three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 34. Hargrove's criminal history category would have been III, but for application of the career

offender designation under § 4B1.1. The resulting advisory Guideline range, calculated based on a total offense level of 34 and criminal history category VI, was 262 to 327 months.

In honoring the Government's Motion for Downward Departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court imposed a sentence of **190** months, to be followed by a five-year term of supervised release. See Judgment of October 6, 2009 [DE-367]. In light of the particular facts of the case, the court did not deem it appropriate to depart below the statutory mandatory minimum, although the Government's motion would have supported such a deviation.

Absent the career offender designation, Hargrove's advisory Guideline range would have been 135-168 months, based on a total offense level of 31,[1] and criminal history category of III. A commensurate departure based on the Government's motion would suggest a sentence of 120 months, in light of the court's determination not to sentence Hargrove below the statutory mandatory minimum.

At sentencing, Hargrove's lawyer did raise an objection to application of career offender status, based on the rationale of United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008). That objection was overruled because, at the time Hargrove was sentenced, the law in this circuit was stated in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). As promised in his Memorandum of Plea Agreement [DE-215], Hargrove did not file an appeal of his conviction or sentence. See [DE-215] ¶ 2c (waiver of right to appeal and to file a motion for collateral relief except one based on ineffective assistance of counsel or prosecutorial misconduct not known at time of guilty plea). Nor did he file a timely § 2255 motion. See id.

---

[1] Base offense level 34, less three levels for acceptance of responsibility under § 3E1.1(b), for a total offense level of 31.

Harp finally was overruled by the Fourth Circuit Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) (conceding Harp could not stand in light of the rationale underlying Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010)), but not until August 17, 2011. Hargrove's unappealed 190-month sentence had become final two years earlier. Nevertheless, Hargrove, through appointed counsel, filed this post-conviction motion seeking relief from that sentence in light of the Fourth Circuit's dramatic change of its position in Simmons on the proper interpretation of for federal sentencing purposes of the term "felony" in as applied to North Carolina's Structured Sentencing Act. Counsel acknowledges that Hargrove waived post-conviction collateral review of his conviction and sentence, and he recognizes that this motion was filed outside the expiration of § 2255's one-year limitations period under § 2255(f)(1).

Timeliness

The Government's filed its Motion to Dismiss [DE-475] the instant motion on April 9, 2012. After the briefing was complete in this matter, the Fourth Circuit Court of Appeals decided United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012), on August 20, 2012, holding that Carachuri-Rosendo is not retroactive on collateral review because it announced a procedural, rather than a substantive, rule. The Government contends that Powell, therefore, effectively prevents Hargrove's § 2255 motion from being deemed timely filed.

A one-year statute of limitations applies to a motion filed pursuant to § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The Government contends that Hargrove's motion is untimely under § 2255(f)(1) because he filed it more than two years after his judgment became final, and under § 2255(f)(3) because his claim for relief is not based on a newly recognized right made retroactively applicable to cases on collateral review.

Hargrove wisely does not contend that his motion is timely under § 2255(f)(1). Because he did not file an appeal of his conviction or sentence, his judgment became final ten days after judgment was entered. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after expiration of period to appeal or seek review); FED. R. APP. P. 4(b)(1)(A) (ten-day period within which to appeal criminal judgment); Fed. R. App. P. 26(a) (in calculating time periods of ten days or less, weekends and holidays do not count).[2] The one-year statute of limitations expired in this case in mid-October 2010, rendering Hargrove's February 2012 motions untimely § 2255(f)(1). Hargrove does not argue that his motion is timely under either § 2255(f)(3) or (f)(4), and the court's examination of the record in light of controlling law fails to reveal facts on which either subsection could support a finding of timeliness. Accordingly, the record on its face conclusively shows that Hargrove's motion for relief from his sentence was not timely filed.

---

[2] Subsequent to entry of Hargrove's Judgment, the cited rules were amended, effective December 1, 2009. The appeal period now is fourteen days, FED. R. APP. P. 4(b)(1)(A), and weekends and holidays now are included in the calculation, see id., Rule 26(a)(1)(B).

4

Furthermore, although Hargrove did not argue that equitable tolling should be applied to render his petition timely, the court observes that the argument, on similar facts, has been unsuccessful. See, e.g., Revis v. United States, No. 4:06-CR-91-FL/4:12-CV-21-FL, 2012 WL 5870702 (E.D.N.C. Oct. 17, 2012).

### Alternative § 2241 Argument

Perhaps anticipating the unlikelihood of his petition being deemed timely filed, Hargrove contends, in the alternative, that his motion should be construed as having been brought pursuant to 28 U.S.C. § 2241, citing In re Jones, 226 F.3d 328 (4th Cir. 2000). As the Fourth Circuit Court of Appeals has noted, however, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Nor can § 2241 be used as a substitute for § 2255 to challenge career offender designations.

Actions pursuant to § 2241 generally are reserved for claims concerning the execution of a sentence. See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (noting that "attacks on the execution of sentence are properly raised in a § 2241 petition."). There is, however, an exception. As the Fifth Circuit has stated, "[section] 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.' " Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

5

> him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34.

Significantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n. 5 (internal citations omitted). Rather, it is rendered inadequate only when a petitioner can satisfy all three criteria set out in Jones. This, however, Hargrove, cannot do.

Specifically, the second element of the test requires a petitioner to show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones, 226 F.3d at 333. Hargrove does not try to argue that the conduct underlying his predicate state convictions has been deemed noncriminal. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). The Fourth Circuit Court of Appeals has "not

6

extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) (holding that relief on a claim of unlawful sentencing as a career offender was unavailable pursuant to the § 2255 savings clause); cf Gilbert v. United States, 640 F.3d 1293, 1320-23 (11th Cir. 2011) (holding that the petitioner could not use a habeas corpus petition via the "savings clause" of 28 U.S.C. § 2255(e) to challenge his career offender designation based on a claim that he was "actually innocent" of being a career offender).

Accordingly, because Hargrove's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. His § 2255 motion must be dismissed because it is untimely and because he executed a valid waiver of his right to collaterally challenge his conviction and sentence. For the foregoing reasons, therefore, the Government's Motion to Dismiss [DE-475] is ALLOWED, and Hargrove's Motion for Relief [DE-463 and -470] is DISMISSED.

Having so ruled, the court must determine whether Hargrove has made a sufficient showing to entitle him to a **Certificate of Appealability** pursuant to § 2253(c)(2), which provides in pertinent part that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, a careful review of Hargrove's motion, together with the record herein, leads the court to find that he has not met the standard for issuance of a certificate of

appealability with regard this order dismissing his § 2255 motion. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 16th day of January, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge