IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00282-F-8
No. 5:12-CV-00118-F

TIMOTHY LAMONT HARGROVE,      )
                    Petitioner      )
                                    )
        v.                          )        O R D E R
                                    )
UNITED STATES OF AMERICA,           )
                    Respondent.     )

This matter is before the court on Timothy Lamont Hargrove's Motion for

Reconsideration [DE-561]. The Government has filed a Response in Opposition [DE-563]. The

issues have been fully briefed and are now ripe for ruling. For the reasons set forth below,

Hargrove's Motion for Reconsideration is DISMISSED without prejudice.

In his motion, Hargrove argues that he is seeking reconsideration of the dismissal of his §

2255 motion in light of the Fourth Circuit's decision in *Miller v. United States*, 735 F.3d 141 (4th

Cir. 2013).

In *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit held:

> [A] motion directly attacking the prisoner's conviction or sentence will usually
> amount to a successive application, while a motion seeking a remedy for some defect
> in the collateral review process will generally be deemed a proper motion to
> reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the
> underlying criminal judgment will virtually always implicate the rules governing
> successive applications. Similarly, new legal arguments or proffers of additional
> evidence will usually signify that the prisoner is not seeking relief available under
> Rule 60(b) but is instead continuing his collateral attack on his conviction or
> sentence.

*Id.* at 207 (internal citation omitted). The court finds that the instant Motion for Reconsideration

is a "second or successive" motion under § 2255. The court further finds that Hargrove has not

shown that he has obtained permission from the Fourth Circuit Court of Appeals to file the

motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided

in section 2244 by a panel of the appropriate court of appeals."). For this reason, Hargrove's

Motion for Reconsideration [DE-561] is DISMISSED without prejudice.

The court also concludes that Hargrove has not made the requisite showing to support a

certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _17_ day of March, 2014.

James C. Fox
Senior United States District Judge