IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00282-F-8
No. 5:12-CV-00118-F

| | | |
|---|---|---|
| TIMOTHY LAMONT HARGROVE, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Timothy Lamont Hargrove's Second Motion for Reconsideration [DE-572]. In his motion, Hargrove relies on the panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). Specifically, Hargrove argues that the *Whiteside* panel decision counsels that his motion to vacate should be granted, and if not, a certificate of appealability should be issued.

In the panel opinion, the Fourth Circuit Court of Appeals held that a prisoner may use a section 2255 motion "to challenge a sentence that was based on the career offender enhancement . . . when subsequent case law reveals the enhancement to be inapplicable to him." 748 F.3d at 543. This initial opinion in *Whiteside* was vacated upon the grant of rehearing en banc on July 10, 2014. *See Whiteside v. United States*, 2014 WL 3377981 (4th Cir. 2014).

On rehearing en banc, the Fourth Court concluded that a petitioner could not invoke equitable tolling in support of a *Simmons* claim. *See Whiteside v. United States*, 775 F.3d at 186 (4th Cir. 2014) ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success.").

In this case, Hargrove cannot rely on *Whiteside* in support of his Second Motion for Reconsideration. Consequently, Hargrove's Second Motion for Reconsideration [DE-572] is DENIED.

SO ORDERED.

This the 17' day of March, 2015.

                                       James C. Fox
                                       Senior United States District Judge

2

Case 5:08-cr-00282-FL   Document 645   Filed 03/18/15   Page 2 of 2